## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Nov 04 2015, 8:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Geller,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 4, 2015<br><br>Court of Appeals Case No.<br>49A02-1503-CR-134<br><br>Appeal from the Marion Superior Court, Criminal Division 25<br><br>The Honorable Clark Rogers, Judge<br><br>Trial Court Cause No.<br>49F25-1303-FD-015437 |

**Altice, Judge.**

**Case Summary**

[1] Steven Geller appeals his conviction, following a bench trial, of five counts of class D felony Evasion of Tax.[1] On appeal, Geller does not dispute that the evidence presented at trial established that for the years 2007 to 2011 he had income resulting in a tax liability yet failed to make estimated tax payments or file returns with the Indiana Department of Revenue. Geller argues, however, that the State failed to present sufficient evidence to prove that he acted with intent to defraud or to evade the payment of these taxes.

[2] We affirm.

### Facts & Procedural History

[3] Geller was admitted to the practice of law in Indiana in 1989. Although eventually disbarred in 2014 for unrelated reasons,[2] Geller was actively engaged as a legal practitioner at all times relevant to this case. He ran his practice out of his residence on New Jersey Street in Indianapolis and employed a secretary, who lived with him and paid rent from 2009 through 2011. Between 2007 and 2011, Geller worked on more than 500 criminal cases and 85 civil cases in Marion County.

[4] Geller testified at trial that he had an annual net income of approximately $35,000 from 2007 through 2011. On a 2008 credit card application, however,

---

[1] Ind. Code § 6-3-6-11. Effective July 1, 2014, this offense was reclassified as a Level 6 felony. Because Geller committed this offense prior to that date, it retains its prior classification as a class D felony.

[2] *In re Geller*, 9 N.E.3d 643 (Ind. 2014).

Geller indicated that his yearly income was $70,000. Geller deposited income from his law practice into a PNC checking account with deposits totaling between $70,000 and $90,000 annually. He had at least five credit cards, on which he made nearly $70,000 in payments during the period of 2008 through 2011. In addition to owning a 1999 Cadillac Seville, Geller purchased a vintage Jaguar in 2010, into which he invested $9600.

[5] Geller's business records for the relevant tax years were sparse. Although he had receipt books, such records were kept for only thirty-one out of the sixty months during the period. Geller did not maintain other relevant records, including a general ledger, profit/loss statements, or check registers. As a result, accurate income calculations were impossible to determine.

[6] A state investigation of Geller's failure to file and pay taxes began in 2011. Thereafter, on March 7, 2013, Geller was arrested and charged with five counts of class D felony evasion of tax. His residence/office was also searched on this date and all available financial records were seized.

[7] Geller waived his right to a jury trial, and a bench trial was held on July 30 and September 24, 2014. By the time of trial, Geller had yet to file state or federal tax returns or pay income taxes for the years 2007 through 2011, as well as 2012. Geller testified at trial and claimed that, although he certainly owed income taxes, he did not have the money to pay the taxes. He made this claim despite admitting that he had net income each year of approximately $35,000, had funds to travel and meet all basic necessities, made substantial credit card

payments throughout these years, and invested $9600 in a second vehicle in 2010.

[8] At the conclusion of the evidence, the trial court took the matter under advisement. The court subsequently found Geller guilty as charged and sentenced him, on February 9, 2015, to five concurrent one-year terms of imprisonment. The court suspended 357 days on each count, placed Geller on probation, and indicated that once Geller filed his taxes for 2007 to 2011, the court would change probation to non-reporting and grant alternative misdemeanor sentencing.

## Discussion & Decision

[9] Geller contends that the State failed to establish that he acted with intent to defraud or to evade the payment of taxes. He admits that he owed state income taxes for 2007 through 2011 and did not file or pay, but he claims this is not sufficient to establish the intent element.

[10] The standard of review for a sufficiency of the evidence claim is well settled. We will reverse a conviction on this ground only where "reasonable persons would not be able to form inferences as to each material element of the offense." *McCaskill v. State*, 3 N.E.3d 1047, 1049 (Ind. Ct. App. 2014). On review, we do not reweigh evidence or judge the credibility of witnesses. *Id.* In addition, we consider only the evidence most favorable to the conviction and the reasonable inferences stemming from that evidence. *Id.*

[11] Pursuant to I.C. § 6-3-6-11(a), a person commits evasion of tax if he fails to make a required tax return "with intent to defraud the state or to evade the payment of the tax". The only element at issue in this case is intent, which may be proven by circumstantial evidence. *See McCaskill*, 3 N.E.3d at 1050.

> Intent can be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. We will not reverse a conviction that rests in whole or in part on circumstantial evidence unless we can state as a matter of law that reasonable persons could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt.

*Id*. (citations omitted).

[12] Geller correctly observes that the Indiana Tax Code anticipates that some people who owe taxes will fail to file their tax return on time. When an individual does this without fraudulent intent or without an intention to evade the eventual payment of the tax, Ind. Code § 6-8.1-10-3 provides for a financial penalty in lieu of criminal penalties.[3] When an individual fails to file a return

---

[3] I.C. § 6-8.1-10-3 states:

> (a) If a person fails to file a return on or before the due date, the department shall send him a notice, by United States mail, stating that he has thirty (30) days from the date the notice is mailed to file the return. If the person does not file the return within the thirty (30) day period, the department may prepare a return for him, based on the best information available to the department. The department prepared return is prima facie correct.

> (b) If the department prepares a person's return under this section, the person is subject to a penalty of twenty percent (20%) of the unpaid tax. In the absence of fraud, the penalty imposed under this section is in place of and not in addition to the penalties imposed under any other section.

with the intent to defraud or to evade payment of the tax, however, criminal penalties ensue under I.C. § 6-3-6-11. We agree with Geller that something more than simply owing a tax and failing to file a timely return is needed to establish the intent element in I.C. § 6-3-6-11.

[13] In this case, the State met its burden of establishing Geller's intent to evade the payment of taxes. The record reflects that Geller was well aware of his legal obligation to file returns for each of the five years charged. He also knew that with a net income of approximately $35,000 annually, if not more, he owed taxes. Geller offered self-serving testimony at trial that he always intended to eventually file and pay the taxes due. His pattern of behavior, however, established otherwise. At the time of his trial in 2014, Geller had yet to file or pay federal or state taxes for the years 2007 through 2011. Further, during these five years of avoiding his tax liability, Geller had no trouble meeting his basic necessities and even traveling, invested nearly $10,000 in a second vehicle – a vintage Jaguar – for himself, and paid a total of almost $70,000 on his five credit cards. Additionally, his business records for the five-year period in question were woefully incomplete, making it impossible to accurately determine his income and related tax liability. In sum, a reasonable trier of fact could infer from Geller's conduct that he intended to evade the payment of his income taxes due in 2007 through 2011.

[14] Judgment affirmed.

[15] Riley, J., and Brown, J., concur.